David Hilton Wise, Esq. (NV S.B. #11014)
**WISE LAW FIRM, PLC**
335 W. 1st Street
Reno, NV 89503
Telephone:    (7075) 299-4284
Email: dwise@wiselaw.pro

Scott Edward Cole, Esq. (CA S.B. #160744)*
Laura Van Note Esq. (CA S.B. #310160)*
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone:    (510) 891-9800
Email: sec@colevannote.com
Email: lvn@colevannote.com

*Attorneys for Representative Plaintiff Bin Chen
and the Plaintiff Class*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BIN CHEN, individually, and on behalf of all others similarly situated, | **Case No. 2:26-cv-01624** |
| Plaintiff, | **PLAINTIFF BIN CHEN'S NOTICE OF MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL** |
| v. | |
| STATION CASINOS LLC, | |
| Defendant. | **ORAL ARGUMENT REQUESTED** |
| | |
| SUSAN GEINER, individually, and on behalf of all others similarly situated, | **Case No. 2:26-cv-01632** |
| Plaintiff, | |
| v. | |
| RED ROCKS RESORTS, INC., STATIONS HOLDCO LLC, and STATION CASINOS LLC, | |
| Defendants. | |

-1-
PLAINTIFF BIN CHEN'S NOTICE OF MOTION TO CONSOLIDATE AND
TO APPOINT INTERIM LEAD CLASS COUNSEL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

ROCCI FERRETTA, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

STATION CASINOS LLC,

Defendant.

**Case No. 2:26-cv-01693**

SABRINA HALL and CASSANDRA NORTHWICK, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

STATION CASINOS LLC,

Defendant.

**Case No. 2:26-cv-1703**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT**, Pursuant to Federal Rules of Civil Procedure Rule 42, Plaintiff Bin Chen ("Plaintiff Chen") moves this Court for an Order consolidating three (3) cases into this action, *Bin Chen v. Station Casinos LLC,* (2:26-cv-01624) ("*Chen*"). The three cases Plaintiff Chen requests be consolidated into the *Chen* action are: *Susan Geiner v. Red Rocks Resorts, Inc., Stations Holdco LLC, and Station Casinos LLC*, (2:26-cv-1632), *Rocci Ferretta v. Station Casinos LLC,* (2:26-cv-1693), *Sabrina Hall and Cassandra Northwick v. Station Casinos LLC,* (2:26-cv-1703), (collectively the "Related Actions").

Further, pursuant to Federal Rules of Civil Procedure Rule 23(g), and in the interest of efficiency, Plaintiff Chen moves this Court for an Order appointing Scott Edward Cole of Cole & Van Note ("CVN") as Interim Lead Class Counsel and David Hilton Wise of Wise Law Firm, PLC, as Interim Liaison Counsel. In support of this request, Plaintiff Chen submits the following memorandum of law.

-2-
PLAINTIFF BIN CHEN'S NOTICE OF MOTION TO CONSOLIDATE AND
TO APPOINT INTERIM LEAD CLASS COUNSEL

Lastly, Plaintiff Chen respectfully requests the Court, pursuant to Local Rule 78-1, to set a date for oral argument regarding consolidation and leadership.

Dated: June 10, 2026                    By:        */s/ David Hilton Wise*
David Hilton Wise, Esq. (NV S.B. #11014)
**WISE LAW FIRM, PLC**
335 W. 1st Street
Reno, NV 89503
Telephone:     (775) 299-4284
Email: dwise@wiselaw.pro

Scott Edward Cole, Esq. (CA S.B. #160744)*
Laura Van Note Esq. (CA S.B. #310160)*
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone:     (510) 891-9800
Email: sec@colevannote.com
Email: lvn@colevannote.com

*Attorneys for Representative Plaintiff Bin Chen and the Plaintiff Class*

*\*Pro hac vice forthcoming*

PLAINTIFF BIN CHEN'S NOTICE OF MOTION TO CONSOLIDATE AND
TO APPOINT INTERIM LEAD CLASS COUNSEL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

David Hilton Wise, Esq. (NV S.B. #11014)
**WISE LAW FIRM, PLC**
335 W. 1st Street
Reno, NV 89503
Telephone:    (775) 299-4284
Email: dwise@wiselaw.pro

Scott Edward Cole, Esq. (CA S.B. #160744)*
Laura Van Note Esq. (CA S.B. #310160)*
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone:    (510) 891-9800
Email: sec@colevannote.com
Email: lvn@colevannote.com

*Attorneys for Representative Plaintiff Bin Chen
and the Plaintiff Class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BIN CHEN, individually, and on behalf of all others similarly situated, | **Case No. 2:26-cv-01624** |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL** |
| v. | |
| STATION CASINOS LLC, | |
| Defendant. | **ORAL ARGUMENT REQUESTED** |
| | |
| SUSAN GEINER, individually, and on behalf of all others similarly situated, | **Case No. 2:26-cv-01632** |
| Plaintiff, | |
| v. | |
| RED ROCKS RESORTS, INC., STATIONS HOLDCO LLC, and STATION CASINOS LLC, | |
| Defendants. | |

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-1-
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO
CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

| | |
|---|---|
| ROCCI FERRETTA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATION CASINOS LLC,<br><br>Defendant. | **Case No. 2:26-cv-01693** |

| | |
|---|---|
| SABRINA HALL and CASSANDRA NORTHWICK, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATION CASINOS LLC,<br><br>Defendant. | **Case No. 2:26-cv-1703** |

Pursuant to Federal Rules of Civil Procedure Rule 42, Plaintiff Bin Chen ("Plaintiff Chen") moves this Court for an Order consolidating three (3) cases into this action, *Bin Chen v. Station Casinos LLC,* (2:26-cv-01624) ("*Chen*"). The three cases Plaintiff Chen requests be consolidated into the *Chen* action are: *Susan Geiner v. Red Rocks Resorts, Inc., Stations Holdco LLC, and Station Casinos LLC*, (2:26-cv-1632), *Rocci Ferretta v. Station Casinos LLC,* (2:26-cv-1693), *Sabrina Hall and Cassandra Northwick v. Station Casinos LLC,* (2:26-cv-1703), (collectively the "Related Actions").

Further, pursuant to Federal Rules of Civil Procedure Rule 23(g), Plaintiff Chen requests the Court appoint Scott Edward Cole of Cole & Van Note ("CVN") as Interim Lead Class Counsel and David Hilton Wise of Wise Law Firm, PLC, as Interim Liaison Counsel. This appointment supports the unified and efficient prosecution of the consolidated actions, as set forth below.

## I.    INTRODUCTION

This case arises from a cybersecurity incident purportedly discovered by Defendant on March 5, 2026, by which cybercriminals infiltrated Defendant's inadequately protected network and accessed the Private Information which was being kept there (the "Data Breach").

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

On May 21, 2026, Representative Plaintiff Bin Chen ("Plaintiff Chen") was notified by Defendant that his personally identifiable information ("PII") and protected health information ("PHI") was impacted by the Data Breach. Accordingly, Plaintiff Chen filed a Complaint against Defendant in this Court on May 28, 2026, alleging the following causes of action: (1) negligence; (2) breach of implied contract; and (3) breach of the implied covenant of good faith and fair dealing.

After Plaintiff Chen filed his Complaint, a series of copycat cases were subsequently filed in this Court.[1] These copy-cat cases stem from the same Data Breach that Plaintiff Chen's first-filed Complaint concerns and allege nearly identical causes of action as Plaintiff Holmes' Complaint. These cases are: *Susan Geiner v. Red Rocks Resorts, Inc., Stations Holdco LLC, and Station Casinos LLC*, (2:26-cv-1632), *Rocci Ferretta v. Station Casinos LLC,* (2:26-cv-1693), and *Sabrina Hall and Cassandra Northwick v. Station Casinos LLC*.

Both prior to and since filing Plaintiff Chen's first-filed Complaint, Counsel for Plaintiff Chen, Scott Edward Cole of Cole & Van Note, has taken proactive steps to investigate the Security Incident, including, coordinating with other attorneys and performing substantial research regarding the breach and the Defendant. This included a conversation on Friday, June 5, 2026, that included counsel for most of the plaintiffs in the Related Actions, in which the collective agreement was for an inclusionary process in which there would be a defined leadership structure, but in which all firms would receive opportunities to work on the case. Despite the prior agreement among counsel, a Motion to Consolidate was filed that expressly excludes counsel for Plaintiff Chen as a proposed Co-Lead Interim Class Counsel.[2] (ECF No. 4).

The new leadership structure, which would appoint three different attorneys from three different law firms is inefficient for a case of relatively modest size. Appointing three attorneys,

---

[1] Many courts consider the first-to-file as an "objective tie-breaker" when the Rule 23(g)(1)(A) factors do not tilt heavily in favor of the various counsel who are vying for leadership. (In re Sandisk SSDS Litig. (N.D.Cal. Dec. 4, 2023, No. 23-cv-04152-RFL) 2023 U.S.Dist. LEXIS 236282, at *6 (citing See Lowery v. Spotify USA Inc. (C.D.Cal. May 23, 2016, No. CV-15-09929- BRO (RAOx)) 2016 U.S.Dist. LEXIS 202645, at *3, n.2).)

[2] Indeed, although counsel for Plaintiff Chen had already prepared a draft Motion to Consolidate and Appoint Interim Co-Lead Counsel, Counsel for Plaintiff Chen, in a gesture of inclusion, agreed to hold off on completing the draft so that one of the other firms in the conversation would have the opportunity to work on this crucial early stage of the case.

-3-

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

all of which who work for different law firms, as lead class counsel, for a case of this size, is inefficient. The proposed three-way co-leadership will only cause confusion as to who is *actually* leading the case, who should be performing what work, will result in the exclusion of other plaintiffs' counsel and will to be shut-out from litigating these matters, and will undoubtedly cause duplicative work that does not benefit the Class. These internal leadership issues will certainly result in litigations delays that will ill-serve class members, who are still in the dark about the details of this incident. This is especially true in a Data Breach case where there is a high risk of future fraud given the fact that Social Security numbers and other Private Information was accessed by cybercriminals.

Now, in the interests of judicial economy, and to create a leadership structure that provides clarity and will allow for the efficient divestment of work to all plaintiffs' counsel, Plaintiff Chen requests that the Court consolidate the Related Cases into the *Chen* action and appoint Scott Edward Cole of Cole & Van Note as Interim Lead Class and appoint David Hilton Wise of Wise Law Firm, PLC as Interim Liaison Counsel pursuant to Federal Rules of Civil Procedure Rule 23(g) and Rule 42. A single lead counsel will be best suited to direct the litigation and assign work in an inclusive fashion.[3]

## II.    THE COURT SHOULD CONSOLIDATE THE RELATED CASES

Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. Pro. 42(a). The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

A district court has broad discretion in deciding whether to consolidate actions. *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *see also Pedraza v. Alameda Unified Sch.*

---

[3] Given the circumstances in which ECF No. 4 was filed., the Court should request evidence of the attorneys' financial arrangements with each other, especially since there is reason to believe attorneys not set forth in this leadership structure may have been promised money for contributing to the prosecution. The Class and the Court are entitled to transparency as to who and how many firms will *actually* be leading this case, how much duplication of effort may occur and whether all counsel who will be involved in the prosecution are, in fact, competent to do so.

-4-

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

*Dist.*, 676 Fed. App'x 704, 706 (9th Cir. 2017). When determining whether a motion to consolidate should be granted, courts weigh considerations of "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *Pecznick v. Amazon.com, Inc.*, No. 2:22-cv-00743, 2022 WL 4483123, at *3 (W.D. Wash. Sept. 27, 2022) (citing *Chorak v. Hartford Cas. Ins. Co.*, No. 2:20-cv-00627, 2020 WL 8611291, at *1 (W.D. Wash. Nov. 10, 2020)). "If the court determines that common questions are present, it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Desert Mech., Inc. v. Travelers Cas. & Sur. Co. of America*, No. 2:15-cv-02298, 2022 WL 1078362, at *3 (D. Nev. Mar. 14, 2022) (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

Here, Plaintiff Chen requests that the Related Actions be consolidated because they involve common questions of law and fact, assert materially similar allegations against Defendant, and seek to certify materially similar and overlapping classes. Further, the consolidation of the Related Actions will promote judicial economy.

### A. The Related Actions Involve Common Issues of Law and Fact

Consolidation is warranted because the Related Actions arise out of the same underlying Data Breach, assert similar legal claims against the same Defendant, and would promote efficiency and convenience. The Related Actions all arise from the same event: the Data Breach, where unauthorized actors compromised the highly sensitive personal data of Dulcich's current and former employees and customers. Moreover, the Related Actions all involve substantially the same or similar parties as Plaintiffs bring claims on behalf of substantially similar classes against the same Defendant and allege they have been injured or will suffer injury as a result of Defendant's failure to safeguard their personal information.

Additionally, Plaintiffs assert common questions of law and fact in the Related Actions including: whether Defendant owed a duty to safeguard Plaintiffs' Private Information, and, if so, the scope of that duty; whether Defendant was negligent in safeguarding Plaintiffs' Private Information; whether Plaintiffs were injured because of the Data Breach; and whether the cases

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-5-

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

may be properly maintained as class actions. These common questions of fact and law predominate and favor consolidation. *See, e.g.*, *Cornell v. Soundgarden*, No. C20-1218-RSL-MLP, 2021 WL 1663924, at *2 (W.D. Wash. Apr. 26, 2021) (even where "Plaintiffs raise claims in the Copyright Action that are not at issue in the Buyout Action, the common questions of fact warrant consolidation").

Since the Related Actions pending before this Court present many (if not all) of the same factual and legal issues, involve the same Defendant, and will implicate substantially the same discovery, consolidation is appropriate. *See Harry and David v. ICG Am., Inc.*, No. CV 08-3106-CL, 2010 WL 3522982, at *1 (D. Or. Sept. 7, 2010) (consolidation is appropriate "if the cases appear to involve common questions of law or fact, and consolidation may tend to reduce cost and delay") (quoting *Manual for Complex Litigation* (4th ed. 2004)); *Guy v. Convergent Outsourcing, Inc.*, No. 2:22-cv-01558-MJP (W.D. Wash. Dec. 13, 2022), ECF No. 16 (ordering consolidation of multiple actions arising from a data breach).

### B. Consolidation is Appropriate and Will Promote Efficiency

Consolidation of the Related Actions will promote judicial efficiency and expedite the resolution of the cases. All the Related Actions are at the same stage of litigation, will seek similar discovery (including the depositions of identical witnesses), and will require duplicative motions practice and trials. Consolidating the Related Actions will prevent duplicative discovery and motion practice, avoid inconsistent pretrial rulings, and conserve the resources of the court, the parties, and their counsel. Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice, an unnecessary drain on judicial resources, and potentially inconsistent verdicts. *See, e.g., KeyBank National Association v. Franklin Advisers, Inc.*, 600 B.R. 214, 224 (S.D.N.Y. 2019) (consolidating actions to avoid unnecessary costs or delay in related cases is appropriate and promotes judicial economy and efficiency).

Defendant will suffer no prejudice by litigating one consolidated action rather than multiple separate suits. Accordingly, consolidation of the Related Actions would inure to the benefit of all parties involved.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-6-

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

### C. Future-Filed, Related Cases Should be Consolidated

To ensure continued judicial efficiency, Plaintiff Chen requests that the Court order that any future actions that are filed or transferred to this Court and are based on the same Data Breach be consolidated into the consolidated action.

### III. THE COURT SHOULD APPOINT INTERIM LEAD CLASS COUNSEL AND INTERIM LIAISON COUNSEL

The appointment of Interim Lead Class Counsel and Interim Liaison Counsel at this stage of litigation is in the best interest of the parties, the proposed Class and the Court. (*See* FED. R. CIV. P. 23(g).) Appointment provides efficiencies to the parties and the Court, avoids uncertainty and confusion as to who may speak for the proposed class, and formally empowers Plaintiffs' attorneys to make decisions on behalf of the proposed class. This is particularly important at this early stage as the parties begin to discuss topics including an initial case management schedule, discovery and potential alternative dispute resolution. Further, additional putative class actions will likely be filed in, transferred to or removed to this District. Permitting the consolidated actions and any subsequent cases to proceed piecemeal under the leadership of different counsel is inefficient and causes uncertainty and confusion.

### A. The Standard for Appointing Interim Lead Class Counsel Under Rule 23(g)(3) Supports Appointing Mr. Cole

Plaintiff Chen seeks appointment of Interim Co-Lead Class Counsel under Rule 23(g)(3), which permits the Court to "designate interim class counsel to act on behalf of a putative class before determining whether to certify a class action." (FED. R. CIV. P. 23(g)(3); FED. R. CIV. P. 23(g) Advisory Committee's note to 2003 amendment (The rule "authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made."); *See Michelle v. Arctic Zero, Inc.* (S.D.Cal. Mar. 1, 2013, No. 12cv2063-GPC(NLS)) 2013 U.S.Dist. LEXIS 30229, at *6; *see also Southeast Mo. Hosp. v. C.R. Brand, Inc.* (E.D. Mo. Nov. 21, 2007, No. 1:07cv0031 TCM) 2007 U.S.Dist. LEXIS 86392, at *3 (noting that "[t]he court may

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

designate interim class counsel" and "[w]hen there is one applicant for appointment as class counsel, the court may appoint that applicant" (internal citations and quotations omitted).)

Here, designating interim class counsel before certification is prudent as the cases currently pending are overlapping and duplicative, and additional cases are likely. Courts have made this designation in exactly these type of "[i]nstances in which . . . overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Michelle*, *supra*, 2013 U.S.Dist. LEXIS 30229, at p. *6 (quoting *White v. TransUnion, LLC* (C.D.Cal. 2006) 239 F.R.D. 681, 683.) The Advisory Committee's note to the 2003 amendments to Rule 23 clarifies that designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It may also be important to make or respond to motions before certification. Settlement may be discussed before certification.

(FED. R. CIV. P. 23 Advisory Committee's note to 2003 amendment.) Appointing Interim Lead Class Counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification and negotiating settlement. (*See* Manual for Complex Litigation, Fourth, § 21.11.)

Appointment is further warranted here to clarify attorneys' roles and responsibilities, formally designate the attorneys to act in the best interests of the proposed class and assure defense counsel is dealing with the correct representatives of the proposed class. (*See* Manual for Complex Litigation, Fourth, § 21.11.) Appointment also eliminates the risk that a defendant will play class counsel against one another to the detriment of the class. (*See* Governance and Legitimacy in the Law of Class Actions, 1999 Sup. Ct. Rev. 337, 388 (discussing the danger of a "race to the bottom" situation).)

By appointing the proposed Interim Lead Class Counsel now, this Court can forestall potential future inefficiency or leadership clashes and ensure that class members' interests are

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

protected by capable counsel and will not be adversely impacted by other actions. Moreover, appointing clear leadership at this stage allows the various firms to focus their efforts and efficiently represent the putative class.

Rule 23(g)(2) states, "[w]hen one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." In appointing class counsel under Rule 23(g)(1) the court must consider the following criteria: (i) counsel has performed identifying or investigating potential claims in the action; (ii) counsel's experience with claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. (FED. R. CIV. P. 23(g)(1)(A)(i-iv).)

The court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." (*Id.* at 23(g)(1)(B).) As Rule 23(g)(3) does not address the method for appointment of interim class counsel, courts apply the Rule 23(g) factors that govern the appointment of counsel at the class certification stage. (*See Michelle*, *supra*, 2007 U.S.Dist. LEXIS 86392, at p. *6.) As one district court observed:

> In selecting interim class counsel, courts look to the standard articulated in Rule 23(g)(2), which requires appointment of counsel "best able to represent the interests of the class." Fed. R. CIV. P. 23(g)(2). This standard requires the Court to consider the factors under Rule 23(g)(1) and (4), including counsel's investigation of the potential claims, experience in relevant matters, knowledge of applicable law, resources to commit, and any other factors relevant to counsel's ability to fairly and adequately represent the interests of the class. FED. R. CIV. P. 23(g)(1)(A).

*In re: Dairy Farmers of Am. Cheese Antitrust Litig.* (N.D. Ill. Nov. 15, 2013, No. 09 CV 3690) 2013 U.S.Dist. LEXIS 162798, at *12; *see also Southeast Mo. Hosp.*, *supra*, 2007 U.S.Dist. LEXIS 86392, at p. *6 (appointing interim co-lead counsel based on the factors in Rule 23(g)(1)); *Hill v. Tribune Co.* (N.D. Ill. Oct. 13, 2005, No. 1:05-cv-02602) 2005 U.S.Dist. LEXIS 23931, at

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

*14 ("Rule 23(g) provides criteria to consider when appointing class counsel. No distinction is made regarding appointing interim counsel.").)

Here, Mr. Cole, the attorney seeking appointment as Interim Lead Class Counsel, satisfies the considerations under Rule 23(g).

### i. Mr. Cole Has Performed Substantial Work in Investigating this Action

The first factor to consider under Rule 23(g)(1) is the work done to date identifying and investigating potential claims. (FED. R. CIV. P. 23(g)(1)(A)(i).) Mr. Cole has already dedicated substantial resources to investigating the facts and researching the legal basis for liability. The substantial work already conducted includes investigating the details of the Data Breach and interviewing users and other witnesses. Further, they are already collaborating, organizing and directing the group of firms seeking to participate in this litigation. At this early stage, this leadership work has included direct and open communication with the firms about relating the cases, discussing consolidation and potentially working with defense counsel on procedural issues.

### ii. Mr. Cole Has Relevant Experience and Knowledge of the Applicable Law

The second and third factors to consider under Rule 23(g)(1) are counsel's experience and knowledge. (FED. R. CIV. P. 23(g)(1)(A)(ii-iii).) Mr. Cole is extraordinarily well-qualified. He and his firm has a track record of successfully litigating and resolving consumer class actions, including data breach and other complex cases. (*See, e.g.*, *Radcliffe v. Hernandez* (9th Cir. 2016) 818 F.3d 537, 549 (affirming the district court's appointment of interim class counsel as the appointed firm's "greater experience in handling class actions and . . . its greater knowledge of the applicable law" supported a finding that the firm was "'best able' to represent the class"); *see also In re Terazosin Hydrochloride Antitrust Litig.* (S.D. Fla. 2004) 220 F.R.D. 672, 702 (stating that the "most persuasive" factors in choosing lead counsel is counsel's "experience in, and knowledge of, the applicable law in [applicable] field").)

Scott Edward Cole is the founder and a shareholder of Cole & Van Note ("CVN"), a firm based out of Oakland, California. CVN is a class action centric and boutique practice devoted to prosecuting privacy, including data breaches, employment, environmental and/or consumer fraud

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-10-
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

complex cases. In its over 30-year history, CVN has prosecuted hundreds of class and/or complex/representative cases, some of the more unique ones being identified in the firm's professional resume.[4]

Many of these cases involve(d) some or all of the same legal issues as are presented in the current action. While almost entirely devoted today to prosecuting cyber-security class actions, the firm's past experiences run deep across various areas of the law—from employment wage and hour and discrimination cases, to consumer, personal injury and environmental class actions/mass tort cases. CVN has successfully achieved class certification, settlements and judgments in varied factual scenarios, just some of the more unique, difficult or groundbreaking situations being set forth in the firm's resume. Some better-known and/or "game changing" cases include *Kullar v. Foot Locker Retail, Inc.* (2008) 168 Cal.App.4th 116 (Case No. A119697) (setting the standard for settlement approval in California state courts); *Augustus (Davis) vs. ABM Security Services.*, Supreme Court of California Case No. S224853 (establishing a new Supreme Court standard for workplace rest periods; $110 million settlement); *Despres v. United Parcel Service, Inc.*, Case Nos. 3:03-CV-02987 (TEH) and 3:03-CV-02001 (TEH) (N.D. Cal.) (historic $87 million settlement in meal break-only case); *Kurihara v. Best Buy Co., Inc.*, 2007 U.S. Dist. LEXIS 64224 (N.D. Cal. Aug. 29, 2007) (class cert. granted and clarifying distinction between class composition and entitlement to a recovery); *Tierno v. Rite Aid Corp.,* 2006 U.S. Dist. LEXIS 71794 (N.D. Cal. Aug. 31, 2006) (oft-cited ruling certifying a class of retail Store Managers alleging overtime misclassification; $6.9 million settlement); *Fulton v. Sports and Fitness Clubs of America, dba 24 Hour Fitness, USA, Inc.,* Case No. GIC881669 (Super. Ct. Cal. San Diego Cnty.), (consolidated with Case No. GIC873193) (industry changing case that helped define "piece rate" standard under the law; class certification and then summary judgment granted; $19 million resolution); *In Re Westley Tire Fire Litigation*, Case No. CV 801282 (Super. Ct. Cal. Santa Clara Cnty.) (lead counsel in toxic 7 million automobile tire fire that impacted up to one third of the State of California); *In Re Unocal Refinery Litigation*, Case No. C94-04141 (Super. Ct. Cal. Contra Costa Cnty. (Steering

---

[4] Ex. A "[Cole Van Note's] Firm Résumé."

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Committee in massive toxic chemical release and topic of Mr. Cole's book, "Fallout"); *In Re: Apple Inc. Device Performance Litigation*, Case No. 5:18-md-02827-EJD (N.D. Cal.) (Steering Committee in consumer fraud case); *In Re Tosco SFR Litigation* (C97-01637 (Super. Ct. Cal. Contra Costa Cnty.) (Lead Counsel in massive 1997 toxic airborne release over multiple towns).

Currently, CVN is devoted almost entirely to the prosecution of data breach class actions, with the vast bulk of its caseload being cases involving almost identical legal and factual issues to those presented in the instant case. In these matters, CVN serves in a variety of roles, oftentimes in various leadership positions. For example, CVN has served as court-appointed lead or co-lead counsel in dozens of data breach matters, including, but not limited to: *Henderson, et al. v. Reventics, LLC*, Case No. 1:23-cv-00586-MEH (D. Colo.) (court appointed co-lead counsel); *Hinds, et al. v. Community Medical Centers, Inc.*, Case No. STK-CV-UNPI-2021-10404 (Super. Ct. Cal. San Joaquin Cnty.) (court appointed co-lead counsel); *Tsvetanova, et al. v. UCSD Health*, Case No. 37-2021-00039888-CU-PO-CTL (Super. Ct. Cal. San Diego Cnty.) (court appointed co-lead counsel); *In Re: Rackspace Data Security Litigation*, No.: SA-22-cv-01296-XR (W.D. Tex.) (court appointed lead counsel); *Fedorys, et al. v. Ethos Group Inc.*, Case No. 3:22-cv-2573-M (N.D. Tex.) (court appointed co-lead counsel); *Moreland, et al. v. 1st Franklin Financial Corporation*, Case No. 2:23-cv-00038-SCJ (N.D. Ga.) (court appointed co-lead counsel); *Domitrovich, et al. v. MC Dean, Inc.*, Case No. 1:23-cv-00210-CMH-JFA (E.D. Va) (court appointed co-lead counsel); *Deevers, et al. v. Wing Financial Services, LLC.*, Case No. 4:22-cv-00550-CVE-MTS (N.D. Okla.) (court appointed co-lead counsel); *Darrin v. Huntington Ingalls Industries, Inc.*, Case No. 4:23-cv-00053-JKW-DEM (E.D. Va.) (court appointed co-lead counsel); *Guerrero v. Merritt Healthcare Holdings, LLC*, Case No. 3:23-cv-00389-MPS (D. Conn.) (court appointed co-lead counsel); *Prutsman v. Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-Cv-01131-VC (N.D. Cal.) (court appointed co-lead counsel); *In re DISH Network Data Security Incident Litigation,* Case No. 1:23-cv-01168-RMR-SBP (D. Colo.) (court appointed co-lead counsel); *Byers v. Orthoalaska, LLC,* Case No. 3:23-cv-00243-SLG (D. Alaska) (court appointed co-lead counsel); *Tambroni v. Wellnow Urgent Care, P.C.*, Case No. 1:24-cv-01595 (N.D. Ill.) (court appointed co-lead counsel); *Dryden v. Tri Counties Bank*, Case

-12-

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

No. 23CV03115 (Super. Ct. Cal. Butte Cnty.) (court appointed co-lead counsel); *Brett v. Valley Mountain Regional Center*, Case No. STK-CV-UPl-2024-0005025 (Super. Ct. Cal. San Joaquin Cnty.) (court appointed co-lead counsel); *Cordell v. Patelco Credit Union*, Case No. 24CV082095 (Super. Ct. Cal. Alameda Cnty.) (court appointed co-lead counsel); *Skillings, et al., v. Access Sports Medicine and Orthopedics*, Case No. 218-2024-CV-01086 (Super. Ct. New Hampshire Rockingham Cnty.) (court appointed co-lead counsel); *Bujok v. MC2 Data, LLC*, Case No. 0:24-cv-61864-LEIBOWITZ (S.D. Fla.) (court appointed co-lead counsel); *Francisco v. Diligent Acquisitions LLC*, Case No. 4:24-cv-04468 (S.D. Tex.) (court appointed co-lead counsel); *Oliver v. Jewish Home Lifecare* (N.Y. Sup. Ct., N.Y. County, Index No. 157811/2024) (court appointed co-lead counsel); *Lunsford v. Maryhaven Inc.*, Case No. 25CV003753 (Ct. of Common Pleas, Franklin Cty. Ohio) (court appointed co-lead counsel); *Rice v. California Cancer Associates for Research and Excellence, Inc.*, Case No. 5:25-cv-01636 (C.D. Cal.) (court appointed co-lead counsel); *In re Teamsters Local Union Nos. 117 and 174 Data Breach Litigation*, Case 25-3-21664-1 KNT (Wash. Sup. Ct., King Cty.) (court appointed co-lead counsel); *Bobo, et al. v. Krispy Kreme Doughnut Corp.*, Case No. 3:25-CV-00434 (W.D. N.C.) (court appointed co-lead counsel); *Hammon, et al. v. Omni Healthcare Financial Holdings*, Case No. 3:25-CV-00263 (W.D. N.C.) (court appointed co-lead counsel); *Smith v. Monterey Mushrooms*, Case No. 25-cv-08213-BLF (N.D. Cal 2025) (court appointed co-lead counsel); *Poudrier v. Manpower of Lansing, MI, Inc.*, Case No. 1:25-cv-00956-PLM-PJG (W.D. MI 2025) (court appointed co-lead counsel); *Miller v. Mercer Health, et al.*, Case No. 25-CIV-037 (Common Ct. of Pleas, Mercer Cnty. Ohio) (court appointed co-lead counsel); *Parks v. Rural Health Services, Inc.*, Case No. 2025CP0201622 (So. Carolina, Aiken Cnty, Common Pleas) (court appointed co-lead counsel); *Orrantia v. S.V.D.P. Management, Inc.*, Case No. 25CU048774C (Super. Ct. Cal., San Diego Cnty.) (court appointed co-lead counsel); *Walker v. Wayne Memorial Hosp. Auxiliary, Inc.*, Case No. SUCV2025000245 (Ga., Wayne Cnty) (court appointed co-lead counsel); *In re Methodist Home Care Data Incident Litigation*, Case No. CV2025-904388.00 (Cir. Ct. Jefferson Cty., Ala.) (court appointed co-lead counsel).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-13-

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

CVN also serves in more informal (e.g., Executive Committee) leadership positions in numerous other data breach cases and in sole counsel roles in even dozens more—actions currently venued across well over 30 states. CVN, thus, possesses the experience and ample resources to lead the current case(s), once consolidated, and will continue to do so throughout this litigation.

### iii. *Mr. Cole is Committed to Representing and Advancing the Interests of the Class*

The fourth factor to consider under Rule 23(g)(1) is the resources counsel will commit. (FED. R. CIV. P. 23(g)(1)(A)(vi).) Not only does Mr. Cole and his firm CVN have ample resources to effectively prosecute this case, but they are committed to using these resources to do so. CVN is committed to efficiently pursuing the best interests of the proposed class, and fully understand the investment of time and resources necessary for a successful resolution. CVN has made—and will continue to make—the required investments here.

### B. Mr. Wise is qualified to serve as interim liaison counsel

David Hilton Wise, Esq. is the founder and a shareholder of Wise Law Firm, PLC ("Wise Law Firm"), which has offices in both Reno, Nevada and Fairfax, VA. The Wise Law Firm has acted as local counsel in numerous class action cases in various counties throughout the State of Nevada and in Federal Court. Indeed, The Wise Law Firm is acting as local counsel in various other class action cases that are currently pending before this Court. The Wise Law Firm has shown that it is committed to using its resources to effectively prosecute this case and is committed to pursuing the best interests of the proposed class with the understanding of the investment of time and resources necessary to pursue this action to a successful result. David Hilton Wise's experience and familiarity with the rules of this Court put him in an excellent position to act as Interim Liaison Counsel over these matters.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

### C. Proposed Interim Lead Class Counsel's Responsibilities

Consistent with the Manual for Complex Litigation, Fourth, §§ 10.221 and 40.22, Mr. Cole will be generally responsible for the overall conduct of the litigation on behalf of the putative class and will have the following specific responsibilities:

1. To determine and present (in briefs, oral argument or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs and putative class members on all matters arising during pretrial proceedings;

2. To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative class members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2) and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

3. To conduct settlement negotiations on behalf of Plaintiffs and putative class members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

4. To delegate specific tasks to other counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

5. To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

6. To prepare and distribute status reports to any other law firms that might seek to represent the putative class; to maintain adequate time and disbursement records covering services as Interim Lead Class Counsel;

7. To monitor the activities of any other law firms that might seek to represent putative class members to ensure that schedules are met, and unnecessary expenditures of time and funds are avoided; and

8. To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative class or authorized by further order of this Court.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-15-

## IV.    CONCLUSION

Consolidating the Related Cases into the *Chen* action and appointing Scott Edward Cole of Cole & Van Note as Interim Lead Class and David Hilton Wise of Wise Law Firm, PLC as Interim Liaison Counsel is in the interests of judicial economy, creates a leadership structure that provides clarity and will allow for the efficient divestment of work to all plaintiffs' counsel. The appointment of Mr. Cole to serve as Interim Lead Class Counsel is in the best interest of the putative class and will allow the case to proceed in an efficient and unified manner. Mr. Cole has an extensive background handling class action cases as lead class counsel, including hundreds of data breach class actions, and is known for his inclusive approach to team building that will recruit the diverse talents of the numerous plaintiffs' firms here that have filed the Related Actions.

Plaintiff Bin Chen, therefore, respectfully request the Court grant this Motion to Consolidate Related Cases and to Appoint Interim Lead Class Counsel and enter an Order (i) consolidating the related cases; (ii) appointing Scott Edward Cole of Cole & Van Note as Interim Lead Class Counsel; (iii) appointing David Hilton Wise of Wise Law Firm, PLC as Interim Liaison Counsel.

Dated: June 10, 2026            By:     */s/ David Hilton Wise*
David Hilton Wise, Esq. (NV S.B. #11014)
**WISE LAW FIRM, PLC**
335 W 1st Street
Reno, NV 89503
Telephone: (775) 299-4284
Email: dwise@wiselaw.pro

Scott Edward Cole, Esq. (CA S.B. #160744)*
Laura Van Note Esq. (CA S.B. #310160)*
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Email: sec@colevannote.com
Email: lvn@colevannote.com

*Attorneys for Representative Plaintiff Bin Chen and the Plaintiff Class*

*\*Pro hac vice forthcoming*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 10, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ David Hilton Wise*
David Hilton Wise

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-17-
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL

INDEX OF EXHIBITS

| Exh. | Description |
| --- | --- |
| A | Cole & Van Note Firm Resume |

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

-18-

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BIN CHEN'S MOTION TO
CONSOLIDATE AND TO APPOINT INTERIM LEAD CLASS COUNSEL